# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 96-21111
Summary Calendar

_____

BRUCE DALE MOORE, JR.

Plaintiff-Appellant,

versus

SONYA GARRETT; JUDITH D. MILLER, Officer,
SHERRI REEVES; BOB GILL; IRENE G. ACOSTA;
KIM VERNON; CURTIS ADAIR; CONNIE ARZOLA;
AMALIA RODRIGUEZ-MENDOZA

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-5812)

_____

July 10, 1997

Before POLITZ, Chief Judge, KING and PARKER, Circuit Judges.

PER CURIAM:[*]

Bruce Dale Moore, Jr., Texas Prisoner #386621, appeals the dismissal of his 42

U.S.C. § 1983 civil rights complaint as frivolous pursuant to 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(e)(2)(B)(i).  The district court relied upon **Heck v. Humphrey**, 114 S. Ct. 2364 (1994) in determining that his claims against the Texas Board of Pardons and Paroles were premature.  The court also found that Moore failed to demonstrate prejudice regarding his claim that employees of the Travis County Clerk's Office unconstitutionally denied him access to the courts.  The district court alternatively held that the Travis County clerks had absolute immunity from such suits.

We affirm the district court's judgment, but on other grounds.  The Supreme Court in **Heck v. Humphrey** held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[1]

Moore's claims against <u>all</u> of the defendants fall into this category of § 1983 claims. His complaint must be dismissed without prejudice[2] as any § 1983 claims will not accrue until he can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ

---

[1]**Heck**, 114 S. Ct. at 2372.

[2]**Id.** at 2374 ("Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen.").

of habeas corpus, 28 U.S.C. § 2254."[3]

On appeal, Moore has reurged the court to consider his complaint as a request for relief under 28 U.S.C. § 2254. Neither the district court nor court of appeals can entertain a § 2254 motion until Moore has presented his claims to Texas courts via state habeas procedures under Texas Code of Criminal Procedure art. 11.07 (Vernon Supp. 1997). *See* **Richardson v. Procunier**, 762 F.2d 429 (5th Cir. 1985).

**AFFIRMED**.

---

[3]**Id.** at 2372.